IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROBERT DANIEL HUTHISON,**
    Petitioner,

v.                                          Case No. 3:04cv364/RV/MD

**JAMES V. CROSBY, JR.,**
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a motion to dismiss the petition as untimely, providing relevant portions of the state court record. (Docs. 11 & 12). Petitioner has responded in opposition to the motion. (Doc. 18). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On December 3, 1999, petitioner was charged by information with capital sexual battery of a person less than 12 years of age in the Circuit Court of Escambia County, Florida, case number 99-4700. (Doc. 12, Ex. B).[1] On May 31, 2000 he entered a counseled no contest plea to the lesser included offense of attempted capital sexual battery, with a negotiated sentence range. (Ex. B, pp. 7-23). He was adjudicated guilty on July 5, 2000, and sentenced to twelve years imprisonment

---

[1]Hereafter all references to exhibits will be to those provided at Doc. 12 unless otherwise noted.

followed by eighteen years probation. (*Id.,* pp. 30-80). No direct appeal was taken.

On July 1, 2002 petitioner filed a motion for post-conviction relief pursuant to FLA.R.CRIM.P. 3.850, in which he presented four grounds for relief:

1. His plea was involuntary because he was not aware of the maximum possible penalty he faced or that he was giving up his right to an appeal.

2. His plea was involuntary because counsel failed to inform him that he was agreeing to a statutory maximum sentence and that he would have to serve 85% of any sentence imposed. Further, when petitioner complained to counsel that he was dissatisfied with counsel's representation in this regard, counsel failed to file a motion to withdraw petitioner's plea.

3. Counsel was ineffective for failing to file a notice of appeal after being requested to do so by petitioner and his family.

4. Petitioner's plea was involuntary because it was induced by counsel's threat to withdraw if the petitioner did not plead.

(*Id.,* pp. 81-93).

The trial court held an evidentiary hearing on December 3, 2002, (*id.,* pp. 98-159), and denied relief in an order issued January 14, 2003, (*id.,* pp. 160-160-79).[2] The First DCA affirmed without written opinion on June 30, 2004. *Hutchison v. State*, 876 So.2d 1208 (Fla. 1st Dist. Ct. App. 2004) (Table) (copy at Ex. C-4). The mandate issued on July 27, 2004. (Ex. C-5). Petitioner filed the instant federal habeas petition on October 21, 2004.[3] (Doc. 1).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation

---

[2]The court denied relief on Grounds 1, 2 and 4, and dismissed Ground 3 without prejudice to petitioner filing a petition for belated appeal in the appellate court. (Ex. B, p. 164).

[3]Petitioner did not date his petition, nor did he submit it to a prison mail collection representative for stamping. *See* FLA.ADMIN.CODE R. 33-210.102(8)(b). Thus, no date appears on the petition except the date it was stamped "Filed" by the clerk's office--October 21, 2004. (Doc. 1).

applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Respondent contends, and petitioner does not dispute, that petitioner's conviction became final, and the one-year limitations period began to run, on October 4, 2000 which is 90 days after entry of petitioner's judgment and sentence. (*See* Doc. 11, p. 3; Doc. 18, p. 1). Although it is arguable that petitioner is not entitled to the 90-day period in which to petition the United States Supreme Court for a writ of certiorari since he did not file a direct appeal,[4] for the limited purpose of dismissal

---

[4]It is the opinion of the undersigned that because petitioner did not file a direct appeal, he would not be entitled to the 90-day period in which to petition the United States Supreme Court for a writ of certiorari. *See* SUP.CT.R. 13 (stating ninety-day period applies only to decisions from the

of this petition the court has accepted October 4, 2000 as the date the limitations period commenced. Under § 2244, the limitations period continued through October 4, 2001, unless there were pending during that time any properly filed state post-conviction applications or motions for "other collateral review." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Moore v. Campbell*, 344 F.3d 1313, 1319 (11th Cir. 2003) (FED.R.CIV.P. 6(a)[5] applies to the calculation of the one-year statute of limitations for petitioners whose convictions became final after the enactment of the AEDPA) (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)). The record reveals that on October 4, 2000, petitioner had no applications for state post-conviction review pending, nor did he file any such applications during the year that followed. Accordingly, petitioner's time for filing a federal habeas corpus petition expired on October 4, 2001. The instant petition was not filed until over three years later in October of 2004, and is therefore untimely.[6]

"Section 2244 . . . permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head*, 219 F.3d at 1300 (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Petitioner argues that the one year statute of limitations should be equitably tolled because he has a reading comprehension and understanding of a sixth grader, and because he believed he had a direct appeal pending which tolled the limitations period. (Doc. 18, p. 2). For

---

state court of last resort) (emphasis added). At most petitioner would be entitled only to thirty days. *See* FLA.R.APP.P.9.140(b)(3). For purposes of this Report and Recommendation, the court has allowed petitioner the extra 90 days because the issue is not dispositive of this case, *i.e.*, even allowing petitioner the benefit of this extra time, his petition is still untimely.

[5]Rule 6(a) provides that the day of the act, event, or default from which the designated period of time begins to run shall not be included. FED.R.CIV.P. 6(a).

[6]Petitioner's motion for post-conviction relief filed after expiration of the limitations period would not entitle him to the tolling benefit of § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Nor would the later filing reinitiate the federal limitations period. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

the reasons that follow, the court finds these assertions insufficient to justify application of the equitable tolling doctrine.

Ignorance of the law, whether due to illiteracy or any other reason, is not a factor that can warrant equitable tolling. *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997); *see also United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (defendant's "difficulties with the English language" and his attorney's negligence or mistake did not justify equitable tolling of the one-year filing requirement in § 2255, ¶ 6); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling [of the AEDPA limitations period]. . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." (citation omitted)); *Villareal v. Dretke*, No. 3-03-CV2038R, 2005 WL 781766, at *2 (N.D. Tex. Apr. 6, 2005) (illiteracy or lack of legal knowledge does not toll the limitations period); *Malone v. Oklahoma*, 100 Fed.Appx. 795, 2004 WL 1249850 (10th Cir. 2004) (unpublished) (neither ignorance of the law, the absence of law-clerk assistance, nor illiteracy justifies equitably tolling the one-year limitations period).

As to petitioner's second ground for equitable tolling, notably he fails to identify for what period of time he believed a direct appeal to be pending, and also fails to allege facts to suggest that during that time he diligently attempted to ascertain the status of the appeal. He merely alleges in vague terms that he believed an appeal was pending, that when he learned there was no appeal pending he "endeavored to obtain his records," that after several attempts to obtain copies of "his records" he learned "that his record had been sealed by the trial judge," and that "[f]inally, without ever obtaining any record, and without any choice," he filed his Rule 3.850 motion. (Doc. 18, p. 2). The court's review of the record indicates that petitioner knew there was no direct appeal pending within one month of entry of his judgment of conviction. Attached to petitioner's memorandum of law in support of his petition is a copy of the transcript of his Rule 3.850 evidentiary hearing.[7] At that

---

[7] A copy of the transcript was also provided by respondent. (*See* Doc. 12, Ex. B, pp. 98-155).

*Case No: 3:04cv364/RV/MD*

hearing petitioner testified that at the conclusion of an August 2, 2000 hearing on his motion to modify sentence, he asked counsel, "What about an appeal? When are we going to file an appeal?" Counsel stated to him, "We have nothing to appeal," and walked away. Petitioner testified that he "never talked to the man since." (Doc. 1, Attach., Tr. of Rule 3.850 Evidentiary Hr'g at 22). This indicates that petitioner knew on August 2, 2000 that counsel did not intend to file an appeal, and that petitioner failed to follow-up with counsel either to specifically request that an appeal be filed or to ascertain the status of any appeal.

Furthermore, to the extent petitioner implies that a delay in receiving "his records" provides a basis for equitable tolling, such argument should be rejected. The document requests attached to petitioner's reply indicate that any delay was attributable to petitioner. Petitioner's first document request was submitted on May 7, 2001, some ten months after petitioner's judgment of conviction was entered, and nine months after petitioner knew counsel had not filed a direct appeal. (Doc. 18, Attach.). The state court clerk's office promptly responded to petitioner's requests. (*Id.*).[8] Moreover, petitioner makes no specific allegation why the documents he requested were necessary in light of the fact that he experienced the full plea and sentencing proceedings. *See e.g., Lloyd v. Vannatta,* 296 F.3d 630, 633 (7th Cir. 2002)("it is clear that the state's alleged refusal here to provide Mr. Lloyd with a complete transcript does not justify equitable tolling"); *Donovan v. Maine,* 276 F.3d 87, 93 (1st Cir. 2002) ("the state court's delay in furnishing the petitioner with the transcript did not establish a basis for equitable tolling" where petitioner failed to establish that "he needed that transcript in order to file a federal habeas application"); *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir. 2001) ("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Brown v. Cain,* 112 F.Supp.2d 585, 587 (E.D. La. 2000) (one-year limitation period for filing habeas

---

[8]The attachments to petitioner's reply indicate that petitioner was provided copies of those documents to which he was entitled free of charge, and that he was notified of the copying charge for those documents which were not free of charge. Petitioner did not specifically request copies of the transcripts of his plea and sentencing proceedings. The only record that was sealed was petitioner's pre-sentence investigation report. (Doc. 18, Attach.).

petition would not be equitably tolled, despite petitioner's claim that he had spent much of seventeen month period between conviction and filing of application for post-conviction relief waiting for state to produce transcripts, absent showing that transcripts were needed to file application). Further, nothing in Fla.R.Crim.P. 3.850 or the federal habeas statute requires the applicant to attach a copy of the transcript or other documents filed in the underlying criminal case. Nor does Rule 3.850 or the federal habeas statute require an applicant to provide citations to such documents. Because petitioner has failed to allege specific facts which, if true, would entitle him to relief, he is not entitled to a hearing or equitable tolling.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. The record does not support application of the equitable tolling doctrine or any other exception to the limitations period.[9] Based on the foregoing, the petition should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Robert Daniel Hutchison*, in the Circuit Court of Escambia County, Florida, case no. 99-4700, be DISMISSED with prejudice and the clerk be directed to close the file.

At Pensacola, Florida this 2ND Day of June, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[9]**Petitioner does not assert that he is actually innocent.**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**